IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

OCWEN LOAN SERVICING, LLC and
FEDERAL HOME LOAN MORTGAGE CORPORATION                                PLAINTIFFS

V.                              CASE NO. 5:14-CV-05330

JAMIE T. MICKNA; SIGNATURE BANK OF ARKANSAS;
BRADCO SUPPLY CORPORATION;
RIDOUT CONTRACTOR OUTLET OF FAYETTEVILLE, INC.;
AT&T ADVERTISING LP; and ASHTON DOTSON                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Separate Defendant Jamie T. Mickna's Motion to Remand (Doc. 11) and brief in support (Doc. 12), Plaintiffs Ocwen Loan Servicing, LLC ("Ocwen") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") Response in Opposition (Doc. 16), and Mickna's Reply (Doc. 20). The Court held a hearing on the Motion on February 4, 2015, and after entertaining oral argument, ruled from the bench and **GRANTED** the Motion to Remand (Doc. 11). This Opinion and Order explains the basis for the Court's decision. To the extent anything in this Order differs from what the Court stated from the bench, this Order will control.

### I. BACKGROUND

Plaintiffs filed a complaint in the Circuit Court of Washington County, Arkansas, on January 7, 2014, alleging that a loan held by Plaintiffs on Defendant Jamie T. Mickna's home went into default due to Mickna's failure to make timely mortgage payments. The complaint recounts that a non-judicial foreclosure action was initiated on December 16, 2009, and the

property was conveyed from Ocwen to Freddie Mac.  On May 5, 2011, the attorney for Ocwen executed an affidavit to rescind the sale, and that affidavit was filed of record with the Circuit Clerk of Washington County on May 6, 2011.

In the meantime, on April 21, 2010, Mickna filed for Chapter 7 bankruptcy.  Mickna's bankruptcy proceedings terminated, and he received a full discharge on July 30, 2010.  Plaintiffs claimed that due to Mickna's discharge in bankruptcy, they were "not pursuing judgment *in personam* against Mr. Mickna," but that Mickna was, nevertheless, "in default under the terms of the mortgage and note, having failed to make scheduled payments due October 1, 2008, and thereafter."   (Doc. 3, p. 9).

In the original complaint, Plaintiffs asked the state court to declare that their rights and interest to the subject property were superior to the rights and interests of all of the other named defendants, whom Plaintiffs were concerned may assert some claim of right to the property. Only Mickna answered the complaint, however. Plaintiffs also sought a declaration that the prior non-judicial foreclosure sale and subsequent deeds in favor of Plaintiffs should be declared null and void, and that Plaintiffs be granted judgment *in rem* against the subject property for $229,425.14, plus interest, attorney fees, and costs.

Mickna filed a motion to dismiss in state court on July 11, 2014 (Doc. 1-4), arguing that the foreclosure claim accrued in October of 2008, and due to the five-year statute of limitations on foreclosure actions under Arkansas law, the complaint was filed out of time. *See* Ark. Code Ann. §16-56-111.  According to Mickna, Plaintiffs had until October 2013 to file their lawsuit, but they waited until January 2014 and in doing so exceeded the statute of limitations period.  Rather than respond directly to Mickna's motion to dismiss, Plaintiffs filed an amended complaint in state court on July 29, 2014 (Doc. 6).  Mickna then filed a motion

2

to strike the amended complaint (Doc. 7), asserting first, that the time to respond to the motion to dismiss ran prior to the filing of the amended complaint; and second, that the amended complaint failed to cure the statute of limitations defect identified by Mickna in his original motion to dismiss, such that the motion was still a live pleading and had not been rendered moot by the filing of the amended complaint.

On October 31, 2014, Circuit Judge Christi Beaumont's staff attorney emailed the parties to let them know that the court had decided to grant Mickna's motion to dismiss. The email stated in its entirety:

> "Dear Counsel:
>
> The Court finds Defendant Jamie Todd Mickna's Motion to Dismiss should be granted, and requests defense counsel draft a precedent to that effect for her review."

(Doc. 12-1)

Mickna maintains that while his counsel was drafting the precedent requested by Judge Beaumont, but *before* Judge Beaumont had the opportunity to review and sign the order of dismissal, Plaintiffs removed the case to this Court on November 3, 2014, ten months after they filed the matter in State court. Mickna believes Plaintiffs did this to avoid the unfavorable decision Judge Beaumont was about to enter against them.

On the same day the case was removed, Mickna filed a Motion to Remand (Doc. 11). The Court now considers whether federal subject-matter jurisdiction exists pursuant to a valid removal, and, secondarily, if subject-matter jurisdiction does exist, whether the Court should nonetheless exercise its discretion to abstain from hearing the matter in favor of remanding to State court.

3

## II. LEGAL STANDARD

Plaintiffs removed this case pursuant to 12 U.S.C. § 1452, a statute specific to federally chartered corporations such as Plaintiff Freddie Mac. The statute provides a mechanism whereby Freddie Mac may avail itself of the jurisdiction of the federal courts for any matter "to which it is a party," without regard to the amount in controversy at issue or diversity of citizenship. According to section 1452(f)(2), "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district court of the United States shall have original jurisdiction of all such actions, without regard to amount or value . . . ."

Section 1452(f)(1) explains that for purposes of construing the propriety of removal actions involving Freddie Mac, "the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28." Agencies such as are described in 28 U.S.C. §§ 1345 and 1442 possess the authority to commence any action, regardless of the subject matter, in federal court. In particular, 28 U.S.C. § 1345 provides that "the district court shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, *or by any agency* . . . ." (emphasis added), while 28 U.S.C. § 1442(a) states that a civil action commenced in State court "*against or directed to*" any agency of the United States "may be removed . . . to the district court of the United States for the district and division embracing the place wherein it is pending." (emphasis added).

In defining Freddie Mac as an agency for purposes of removal jurisdiction, the legislature further explained that "any civil or other action . . . in a court of a State . . . to which the Corporation is a party *may at any time before the trial thereof* be removed by the

Corporation . . . by following any procedure for removal of causes in effect at the time of such removal." 12 U.S.C. § 1452(f)(3) (emphasis added).

This case presents the unusual situation in which a State court plaintiff, after litigating for months in State court, has removed the matter to federal court. Ordinarily, a removal action is instigated by the party that had no choice in selecting the forum—the defendant. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added).

The Court also observes that "the party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

#### A. Propriety of Removal

Freddie Mac contends that according to 12 U.S.C. § 1452(f)(3), it may remove a State court action—even when Freddie Mac is the plaintiff to that action and chose the State court as its preferred forum—at any time before trial—even after the State court decides to dismiss the case. There appear to be only a handful of district court cases speaking to the propriety of removal pursuant to 12 U.S.C. § 1452, and none of them originate in this Circuit. Helpful

guidance, however, comes from opinions handed down by the district court for the Eastern District of Michigan in *Federal Home Loan Mortgage Corp. v. Amersey*, 2014 WL 1400086 (E.D. Mich. April 9, 2014), and by the district court for the Northern District of Alabama in *Federal Home Loan Mortgage Corp. v. Shaffer*, 2014 WL 718077 (N.D. Ala. Dec. 17, 2014) (relying heavily on the reasoning in *Amersey*).

In *Amersey*, the district court determined that allowing Freddie Mac to remove an eviction action it originally filed in State court "renders an absurd result." 2014 WL 1400086 at *3. In *Amersey*, Freddie Mac was the State court plaintiff seeking to evict a defendant from his real property. Approximately three months after Freddie Mac filed the case in State court, it removed to federal court, citing its ability to remove "at any time before the trial" when it is "a party" to a lawsuit, pursuant 12 U.S.C. § 1452(f)(3). The district court remanded the case, finding that removal was improper. The court explained that if it were to interpret § 1452(f) to allow Freddie Mac the ability to remove under these circumstances, such a decision would disregard "the long-standing statutory principle governing removal of actions from state to federal court, i.e., that only defendants can remove cases." *Id.* The court then reasoned:

> Plaintiffs choose the forum and the timing of a case, and there are two possible fora, federal or state court. Once a plaintiff makes the choice, he can either continue in that forum or voluntarily dismiss the case in one forum and file in a different forum, assuming the limitations period has not passed.
>
> Defendants, on the other hand, do not have such choices . . . . Removal is therefore reserved for those who did not choose the forum but rather were haled into a forum of the plaintiff's choosing. It would be redundant and I suggest inequitable to supply plaintiff with yet another path to the federal court when plaintiff could have chosen the federal court in the first instance, but for some reason declined to do so.

*Id.* The court then concluded that "section 1452(f) merely applies to and provides original jurisdiction . . . [and] does not in any way apply to removal questions nor does it support Freddie Mac's purported right to remove as a plaintiff." *Id.* at *5.

Just months after the decision in *Amersey* was handed down, the *Shaffer* court took up a procedurally identical case and had the opportunity to expand upon the *Amersey* court's reasoning. The *Shaffer* court observed that when Freddie Mac takes the position that it may remove to federal court as a State court plaintiff, "Freddie Mac is necessarily arguing that Congress has given it startlingly preferential treatment over all other congressionally created entities, and has endowed it with rights given to no other government entity." 2014 WL 7180777 at * 3. The court went on to read § 1452 in the context of the general removal statute, finding "[a] full comprehension of § 1452(f) requires that the statute be read both as an independent piece of legislation and as a part of Title 28 as a whole." *Id.*

This Court agrees with the *Amersey* and *Shaffer* courts that it is more likely than not that when Congress defined Freddie Mac as an "agency," solely for the purpose of removal jurisdiction, it intended that Freddie Mac be treated just as any other agency would be pursuant to 28 U.S.C. § 1442(a)—not that Freddie Mac would be granted "super-agency" powers. Section 1442(a) provides that a civil action commenced in State court "*against or directed to*" any agency of the United States "may be removed . . . to the district court of the United States for the district and division embracing the place wherein it is pending." (emphasis added). A plain reading of this statute shows that Congress intended agencies that are sued in some manner in State court—as defendants, counterclaim defendants, or in some other capacity—be permitted to remove to State court.

7

In *Shaffer*, Freddie Mac attempted to invoke the district court's jurisdiction only after the matter had been pending in State court for 22 months. In the case at bar, Freddie Mac attempted to invoke this Court's jurisdiction after 10 months litigating in State court *and* after the State court judge ruled against it on a dispositive motion to dismiss. Both the instant case and *Shaffer* illustrate the point that "Congress could not have gone to the trouble carefully to limit Freddie Mac's court access to the particular situations referenced in § 1345 and § 1442, while immediately wiping out the limitations it had just imposed." 2014 WL 7180777 at *4. When Congress provided in § 1452(f)(1) that "the Corporation shall be deemed to be an agency *included in sections 1345 and 1442 of such Title 28*," Congress could not have also meant to exempt Freddie Mac, and no other agency, from the basic removal parameters of §§ 1345 and 1442 of Title 28. As the *Shaffer* court correctly observed, "[t]here is no procedure anywhere in Title 28 for removal by a plaintiff."

There is only one other district court that has taken the position that § 1452(f) should be interpreted to allow Freddie Mac the authority to remove a case from State court when it is the plaintiff in the State court action.[1] The court in *Federal Home Loan Mortgage Corp. v. D'Antonio*, 1994 WL 117789 (E.D. La. Mar. 30, 1994), permitted removal "[b]ased upon the express statutory language of 12 U.S.C. § 1452(f)," but did not engage in any meaningful analysis in coming to this conclusion, particularly with regard to the seeming conflict between § 1452(f) and the general removal prerequisites found in Title 28. Consequently, this Court finds *D'Antonio* to be unpersuasive, particularly in light of *Amersey* and *Shaffer*, and therefore declines to follow it.

---

Aside from the *D'Antonio* case, the Court has only located two other cases in which Freddie Mac was permitted to remove to federal court despite the fact that it was a State court plaintiff. In both of these cases, however, removal occurred after Freddie Mac became a counter-*defendant* following the filing of counterclaims, which is distinguishable from the case at bar. See *Fed. Home Loan Mortg. Corp. v. Pihakis*, 2013 WL 3874524 (N.D. Ala. July 25, 2013); *Freddie Mac v. Brooks*, 2011 WL 2619132 (M.D. Ala. July 1, 2011).

Aside from the fact that the Court finds Freddie Mac should not have been permitted to remove as a plaintiff in State court, the Court further declines to adopt Freddie Mac's view that it was permitted to remove this action after Judge Beaumont ruled on Mickna's motion to dismiss. Freddie Mac contends that § 1452(f)(3) allows it to remove "at any time before the trial," even when no trial ever occurs and a case is closed on a dispositive motion.

Upon questioning by the Court during the motion hearing, counsel for Freddie Mac argued that, pursuant to § 1457(f), Freddie Mac would have been permitted to remove the case *even if* a formal, written order of dismissal had been entered by Judge Beaumont, the logic being that an order of dismissal is not a trial, and the statute permits removal "before the trial." Such an interpretation of the removal statute does injury to Congress's intent in drafting § 1457(f). A more reasonable interpretation of the statute is that a State court's order of dismissal with prejudice—as would have been entered here, had Judge Beaumont had the opportunity to sign the order Mickna's counsel was drafting—is tantamount to a trial on the merits. Judge Beaumont's dismissal was dispositive of the case on the issue of the running of the statute of limitations. As such, her dismissal would have left no further issues of law or fact for resolution.

Counsel for Freddie Mac admitted during the motion hearing that removal was sought because his client disagreed with Judge Beaumont's decision on the motion to dismiss. Counsel believed that "any sort of determination of the motion to dismiss was premature," and as Freddie Mac was of the opinion that Judge Beaumont was wrong, Freddie Mac desired a second bite at the apple. Freddie Mac admits it removed so that this Court "could . . . consider these issues instead of Judge Beaumont."

The litigation tactics as described above are constitute forum shopping at its worst. Surprisingly, Freddie Mac's counsel candidly admitted that was exactly his intent:

> **Court:** Why is this not a blatant case of forum shopping? And when I say blatant, I mean it wouldn't be that you were just shopping for the best available forum on the front end but blatant in the sense that after you had been dealt what appeared to be in all likelihood a fatal blow, only then do you file a notice of removal? Why isn't that just blatant forum shopping?
>
> **Counsel for Freddie Mac:** Well, it is forum shopping, but the statute allows for that.

According to the Supreme Court, "[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (2010). Improper forum shopping certainly qualifies as a manipulative tactic. This case was properly within the jurisdiction of the State court—the forum Freddie Mac selected—when it was removed. Removal was improper under the circumstances.

The Court finds that it lacks subject matter jurisdiction over the case, and it will be remanded.

## B. Abstention

In the alternative, the Court finds that even if Freddie Mac's admitted forum shopping were overlooked and its basis and timing for removal were found to be proper, the Court would, nevertheless, still exercise its discretion and abstain from hearing the matter.

"[A]bstention is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); however, pursuant to the Supreme Court's precedent in *Burford v. Sun Oil Co.*, 319 U.S. 315, 317-34 (1943), abstention can be appropriate where the action involves "'difficult questions of state law bearing on policy problems of substantial public import,' " or where the exercise of federal review "'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726-27 (1976) (quoting *Burford*). In a case analogous to the instant one, the Eighth Circuit found that the district court did not abuse its discretion in abstaining from hearing a non-judicial foreclosure/eviction action originally brought by Freddie Mac in State court and removed to federal court by the defendant home owner. *See Briggs*, 556 Fed. Appx. at 558.

In light of the fact that Judge Beaumont gave a clear indication that she had ruled on a dispositive motion, coupled with the fact that Arkansas law governing foreclosure and eviction actions is highly developed, governs here, and the State court has expertise in this area, the Court holds that even if federal subject-matter jurisdiction were proper, it would abstain from hearing this case and would remand to State court.

## IV. CONCLUSION

For all the reasons articulated herein, Separate Defendant Jamie T. Mickna's Motion to Remand (Doc. 11) is **GRANTED**, and this case is hereby **REMANDED** to the Circuit Court of Washington County, Arkansas, for further disposition.

**IT IS SO ORDERED** this 17th day of February, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE